## WILLIAM F. SCOTT ET AL. v. NEW YORK FILLING COMPANY.

### Argued June 2, 1909—Decided March 17, 1910.

1. A secretary of a corporation has no authority, by virtue of his office, to alter the terms of a contract made by the corporation with a third person.
2. Where a firm of attorneys makes alternative propositions to an intending client to render legal services to it, stating therein the per diem value of such services, and the client, without accepting either proposition, instructs the firm to render such services, the latter are entitled to reasonable compensation for the services rendered by them pursuant to such instruction, to be measured by the standard fixed by them in their propositions.

---

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and PARKER.

For the rule, *McDermott & Enright.*

Contra, *Riker & Riker.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiffs are a firm of New York attorneys. They bring this suit to recover compensation for legal services rendered the defendant company in a controversy concerning a contract which it had with the United States government, and which was pending before the comptroller of the treasury. The defendant's secretary spoke to Mr. Upton, one of the plaintiffs, with relation to this controversy, and asked what his firm would charge for representing the defendant company, and requested that their terms be submitted to the company in writing. In response to this request the plaintiffs wrote to the defendant as follows: "In reply to your inquiry as to the amount of our charges for services in connection with your claim against the government for filling at Governor's Island we would say $100 for preliminary consultations and examinations, and the first day of absence from the city in your service; and $50 for each additional day so employed. We should expect that the time necessarily occupied in the matter would make our fees not more than $200 to $250. If you prefer, the latter sum may be fixed as our charge, irrespective of the time occupied. In case of success in obtaining payment of your claim we would double these charges; and in any event we would expect to be repaid our necessary disbursements for traveling and otherwise in addition to our fees. Awaiting your further instructions, we are, Yours," &c. No written reply to this letter was sent, but defendant's secretary saw Mr. Upton and said that it was all right. Shortly after that the plaintiffs were instructed by defendant company's president as to what they should do in pressing the defendant's claim, and the plaintiffs then took charge of the controversy for the defendant. The services rendered by the plaintiffs extended over a much longer period of time than was apprehended by either party, and involved much more work than had been foreseen. Thereupon one of the plaintiffs, in an interview with the defendant company's secretary, stated to him that the work had become much more extensive than they had anticipated, and that

they would expect to be paid what their services were reasonably worth. This was assented to by the secretary. The final result of the litigation before the comptroller of the treasury was in favor of the defendant company's claim, and it collected $72,708 thereon. The plaintiffs then rendered a bill for $3,500, which the defendant refused to pay. The present suit followed, and the trial resulted in a verdict for $3,800 in favor of the plaintiffs.

Although there was no formal acceptance by the defendant company of the terms offered by the plaintiffs, the testimony fully justifies the conclusion that the defendant employed the plaintiffs in the beginning on the basis of their letter, notwithstanding that they did not make any choice of the alternative proposition contained therein. It is claimed on behalf of the plaintiffs that their original proposition was superseded by the verbal arrangement afterward entered into between them and the defendant company's secretary. We think this contention cannot be supported. The secretary had no authority by virtue of his office to alter the terms of the contract made by his company. So far as the proofs show no special authority was conferred upon him by the company for this purpose. Nor do the proofs show any knowledge on the part of the company, or its board of directors, that the secretary had attempted to make any alteration, and consequently no ratification by the company of this action on the part of their secretary can be implied.

It is further contended on behalf of the plaintiff that, as the defendant did not accept either the one or the other of the alternative propositions contained in plaintiffs' letter, there never was an express contract between the parties upon the matter of the compensation to be paid to the plaintiffs; and that the acceptance of the plaintiffs' services by the defendant bound the latter to pay what those services were reasonably worth. We think this contention is sound. The letter, however, fixed the standard of compensation. By it the plaintiffs placed an estimate upon the value of their services; that is, that they were worth $100 for preliminary work,

and plaintiffs' first day of absence from the city, and $50 a day for each additional day's work.. That, in any event. But if their services resulted in a successful issue for the defendant, then their value was double the amount stated. The defendant company, by accepting the services of the plaintiffs on the basis of this letter,. accepted the valuation which the letter placed upon those services, and the plaintiffs cannot repudiate that valuation at the conclusion of their term of service.

. The trial court left it to the jury to assess the plaintiffs' damages solely upon the opinion of experts as to what their services were.worth. This was error. The plaintiffs were entitled to recover $200 for their preliminary preparation of the case, and their first day's services out of the city; and $100 for each additional day's service; and also their expenses and disbursements. Just how many days' service the plaintiffs were entitled to be compensated for did not appear in the proofs. Their work was spread over a long period of time, sometimes occupying a whole day, sometimes a half day, sometimes an hour, and sometimes a few minutes. If the parties can agree as to the number of days for which the plaintiffs are entitled to recover, and the plaintiffs will consent to have the verdict reduced to such sum as $100 multiplied by the number of days agreed upon, with an additional $100 for the first day, and the moneys spent by them for expenses added, will amount to, they may enter judgment for that sum. If the parties cannot agree then the rule to show cause will be made absolute.